The only lawyer who wished to argue was counsel for the town and Mr. Lomenzo, right? And that's Mr. Resilla? Resilla, thank you. Resilla, I'm sorry. Mr. Resilla. All right, so Mr. Resilla, you have five minutes, and I guess maybe where we ought to start with is jurisdiction, because we issued an order in this case requesting that the litigant file, not requesting, directing the litigant to file a signed brief and appeal, and that hasn't happened, right? So if that's the case, then we would be dismissing for lack of jurisdiction, right? I believe that's true, Your Honor. I don't know the number of days gone by, but it's pretty, yeah, it was like 20 days or something that Your Honors gave. I haven't seen it, so I don't know. But that would be the reason to dismiss the case, and I am here to argue some of the other points that we made in the motions. This is what did Judge Lomenzo issued a ruling in February of 2018, and that ruling eventually was sent out for publication in April of 2018. And it's our position that all of that is subject to absolute judicial immunity under Bliven v. Hunt. Even if there's an allegation of bad faith, it still is subject to absolute judicial immunity. It's a function that's normally done by a judge. It's a decision on a ruling, and it's sending something out for publication. That's something that judges are supposed to do. And, you know, the decision to release a judicial opinion is a quintessential part of the adjudication of the motion. The 2018 decision is a decision written by the court, and the decision to publish it is also judicial immunity. And even if those decisions are incorrect, that doesn't matter. There also was a statute of limitations was an issue that was brought up about whether this case was even sued properly. The decision came down in February of 2018, and in April of 2018, it was sent for publication. This was not sued until December of 21, which would normally believe it's too late. I'm not certain about the judges, the 228 days that we had or whatever that was, because by the time December 2021 came around, all of that was over. So I think under that, I think it's also late for anything like that. And like the judge heard said, the plaintiff may believe otherwise. There's nothing conscious shocking about the inclusion of his name and address in Judge Lomenzo's decision. And he said the law reporting a publication of the judicial opinion with that information, its subsequent dissemination to third parties or the refusal by Judge Randall to order some kind of relief from it from its publication on appeal. All of that is subject to, we believe, judicial immunity. And as far as- Well, that would cover some of the defendants and not all of the defendants, right? Right. And as far as the town is concerned, the Monell decision that the judge ruled upon, that covers this case. So we think we're entitled to affirmance of the dismissal, maybe on Your Honor's rulings, most recent ruling, or based on what actually happened with what was resolved. So I thank you. Okay, but you're not, I didn't hear you say anything about Rooker-Feldman, or did I? I'm sorry? The Rooker-Feldman doctrine, you're not relying on that? Well, that does apply as well. I didn't make that argument in my motion, but that certainly also applies. I mean, it's a decision that was made that apparently injured the plaintiff in allegedly some way, and the decision, it all came down and it was all over before the suit was put into place. So I think that does apply as well. There are a number of reasons why this case- Well, you're not saying you need it, though. No, I don't. As belt and suspenders, as it were. Right, right. So that's it, and I thank Your Honors for your attention this matter. Okay, thank you, Mr. Rizzillo. We will reserve the decision. Thank you. Thank you. That concludes our arguments on the calendar this morning. We have one other case that's fully on submission, and we'll reserve on that one as well. And so with that, let me thank everyone in attendance, and let me thank the Clerk of Court, who may now adjourn court. Court is adjourned. Thank you, Ms. Beard.